JEREMY D. WARREN
California Bar No. 177900
105 West F Street, Suite 215
San Diego, California 92101
(619) 234-4433

Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                            )<br>          Plaintiff,                            )<br>                                                            )<br> v.                                                     )<br>                                                            )<br>**ARTURO RIOS-MENDOZA,**           )<br>                                                            )<br>          Defendant.                        )<br>_____) | Case No. **08cr1096-LAB**<br><br>**STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS<br>AND AUTHORITIES IN SUPPORT<br>OF DEFENDANT'S MOTIONS** |

## I.

### Introduction

According to the discovery, on March 11, 2008, Border Patrol Agent Whittier was driving on Highway 94 near Tecate, California, when he was flagged down by a pedestrian, Arturo Rios-Mendoza ("Mr. Rios"). Mr. Rios said he was tired and wanted to go home. He acknowledged to the agent that he was a Mexican citizen without papers permitting him to be in the United States. The agent arrested Mr. Rios and took him to the Border Patrol Station. There, the agent discovered a criminal record and Mr. Rios was held for prosecution as a deported alien found in the United States.

The government made no meaningful pretrial offer to Mr. Rios. Instead, the case was presented to the grand jury, which returned the instant indictment charging 8 U.S.C. § 1326(a) and (b).

//
//
//
//

## II.

## **Motion for Access to the Immigration A-File**

In addition to a general discovery motion (*infra*), Mr. Rios makes this specific request for an order compelling the government to provide him with access to his immigration A-File. As the Court knows, while for years such access was routinely granted upon informal request, the government recently decided that it would not provide the defense with an opportunity to review the A-File without a court order.

The A-File typically contains documents relating to any deportation proceedings, prior applications for citizenship or other immigration documents permitting entry into or residence in the United States. Mr. Rios needs access to these documents to assist him formulate a challenge to the legality of any prior deportations as well as to determine if there is a defense based on derivative citizenship or on other grounds. Defense access to the A-File is thus essential to preparation of the defense.

Further, the government routinely offers evidence at trial regarding the non-existence of application for re-admission into the United States. It would be fundamentally unfair to permit the government to rely on such evidence absent an opportunity for Mr. Rios, through counsel, to review the file. Although the certificate might be admissible, the question of the thoroughness of the search conducted by the Government of the A-file is, and should be, open to cross-examination. *United States v. Sager*, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Rios should be able to review his A-file in order to see whether any application for lawful admission exists. Moreover, Mr. Rios should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Rios may assert a defense that his application for lawful entry was lost or otherwise misplaced by the Government. He must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the Government in order to present this defense.

//
//
//
//

### III.

### Motion to Compel Discovery/Preserve Evidence

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) <u>The Defendant's Statements</u>. Mr. Rios requests disclosure of <u>all</u> copies of any written or recorded statement made by the defendant; any written record containing the substance of any oral statements made by the defendant and any written summaries of the defendant's oral statements contained in the handwritten or rough notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; any response by the defendant to interrogation; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A).

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Rios also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Criminal Record</u> Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Mr. Rios requests all his rap sheets and any other evidence discoverable under these rules. Mr. Rios requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government. He makes an identical request for all pertinent records of government witnesses including informants.

    (4) <u>Evidence Seized</u>.  Mr. Rios requests production of evidence seized as a result of any search, either with or without a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

    (5) <u>Tangible Objects</u>.  Mr. Rios requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(C).

    (6) <u>Request for Preservation of Evidence</u>.  Mr. Rios specifically requests the preservation of all dispatch tapes, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  This request includes, but is not limited to seized weapons, the results of any fingerprint analysis, Mr. Rios's personal effects, and any evidence seized from the defendant or any other party.

    (7) <u>Reports Of Examinations And Tests</u>.  Mr. Rios requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief.  Fed. R. Crim. P. 16(a)(1)(D).

    (8) <u>Expert Witnesses</u>.  Mr. Rios requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness.  Fed. R. Crim. P. 16(a)(1)(E).

    (9) <u>Brady Material</u>.  Mr. Rios requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

    (10) <u>Giglio Information</u>.  Mr. Rios requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.  <u>Giglio v. United States</u>,

405 U.S. 150 (1972).

(11) <u>Informants and Cooperating Witnesses</u>. Mr. Rios requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. <u>Id.</u> Mr. Rios also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Mr. Rios's defense.

(12) <u>Jencks Act Material</u>. Mr. Rios requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) <u>Any Potential 404(b)/609 Evidence</u>. Mr. Rios requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b). Mr. Rios requests such notice at least one month before trial in order to give the defense time to investigate and prepare for trial.

(14) <u>Any Information That May Result In A Lower Sentence Under The Guidelines</u> As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83(1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines. Additionally, Mr. Rios

specifically requests any evidence the government intends to use at sentencing to establish his status as a career offender or for any other enhancement to his sentence;

(15) <u>Evidence of Bias or Motive to Lie</u>  Mr. Rios requests any evidence that any prospective government witness, including a cooperating defendant, is biased or prejudiced against the defendant, or has a motive to falsify or distort her or his testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

(16) <u>Impeachment evidence</u>  Mr. Rios requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>, supra.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

(17) <u>Evidence of Criminal Investigation of Any Government Witness</u>  Mr. Rios requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

(18) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  Mr. Rios requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

(19) <u>Witness Addresses</u>  Mr. Rios requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d, 1453 (9th Cir. 1984);

  (20) <u>Name of Witnesses Favorable to the Defendant</u>  Mr. Rios requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980);

  (21) <u>Statements Relevant to the Defense</u>  Mr. Rios requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

  (22) <u>Personnel Records of Government Officers Involved in the Arrest</u>  Mr. Rios requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of such <u>Henthorn</u> documents, defense counsel will not be able to procure then from any other source;

  (23) <u>Prosecutor's Duty to Inspect Agents' Files</u>  Mr. Rios requests that the court order the prosecutor to <u>personally</u> review the personnel files of the agents involved.

  (24) <u>Release of Evidence for Defense Testing</u>.  Mr. Rios requests that the government release to his designated expert all weapons and other items seized so that the defense may conduct independent testing of the items.

  (25) <u>Subpoena, Intercept and Warrant Information and Evidence</u>.  Mr. Rios requests a copy of all electronic interception orders, search warrants and subpoenas, and related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case. He also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders.  He requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

  (26) <u>Immigration File and Related Documents</u>.  Mr. Rios requests a complete copy of all documents related to his alienage, criminal history, and deportations.  He requests access to and copies of his A-file or files as well as documents related to and recordings of all deportation or removal hearings he

1 may have been subjected to.

2     (27) <u>Residual Discovery/All Other Relevant Materials</u> Mr. Rios intends for this motion to cover the full extent of discoverable material. She therefore requests that the government be required to disgorge all other discoverable material which she otherwise has failed to request.

### III.

### Mr. Rios Seeks Leave to File Further Motions

Mr. Rios seeks leave to file further, substantive motions as relevant discovery becomes available.

### IV.

### Conclusion

For the reasons stated above, the defendant, Mr. Rios, respectfully requests that this Court grant the above-requested motions.

                Respectfully submitted,

                /s Jeremy Warren

Dated: May 5, 2008            JEREMY D. WARREN
                                      Attorney for Defendant Rios