KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-2757
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ARTURO RIOS-MENDOZA,<br><br>    Defendant. | Criminal Case No. 08cr1096-LAB<br><br>**RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>Date:  May 19, 2008<br>Time:  2:00 p.m.<br>Court: The Hon. Larry A. Burns |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Response and Opposition to Defendant's Motion for Discovery. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//

//

//

//

//

Criminal Case No. 08cr1096-LAB

**I**

**STATEMENT OF FACTS**

**A.    Defendant's Apprehension**

On March 11, 2008, at approximately 1:00 p.m., Border Patrol Agent Robert Whittier was driving his agency vehicle westbound on Highway 94 near Tecate, California. Agent Whittier observed an individual waving his arms and attempting to contact Agent Whittier. Agent Whittier pulled over to the side of the road and identified himself as a United States Border Patrol Agent. The individual, later identified as Arturo Rios-Mendoza ("Defendant"), told Agent Whittier that he was tired and wanted to go home. Defendant stated he was a citizen of Mexico with no documents to be in the United States legally.

**B.    Defendant's Criminal and Immigration History**

Defendant was convicted on July 21, 1997, in the Arizona Superior Court in Maricopa County for Attempted Theft in violation of Arizona Rev. Statutes 13-1801, for which he received a sentence of two and a half years imprisonment after his probation was revoked. On July 27, 1998, Defendant sustained a conviction in the Arizona Superior Court in Maricopa County for Kidnapping in violation of Arizona Rev. Statutes 13-1304, for which he received a five-year term of imprisonment.

Defendant appeared before an Immigration Judge for a deportation hearing on 24, 1997, and was physically removed from the United States to Mexico the same day. Defendant was most recently physically removed to Mexico on May 12, 2002.

**C.    Defendant's Post-Miranda Confession**

On March 11, 2008, at approximately 8:25 p.m., Defendant waived his Miranda rights and agreed to be interviewed by Border Patrol Agent Luis Martinez. Defendant stated that he was born in Guerrero, Mexico. Defendant stated that he is a citizen and national of Mexico with no documents allowing him to legally remain in the United States. He admitted to being previously deported, and admitted that he never applied for permission to re-enter. Defendant further said he was traveling to San Ysidro, California to find work in construction. He said he had entered the United States two days previously.

//

**II**

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

On March 26, 2008, the Government produced 43 pages of discovery, which included the reports from the Border Patrol Agents, summaries of the statements made by Defendant, and documentation regarding Defendant's criminal history, and a DVD of Defendant's post-arrest statement. The Government will provide counsel with the audiotape from Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made.

The assigned AUSA has also personally reviewed Defendant's A-file and will produce prior to the hearing all documents contained in Defendant's A-file that are responsive to Defendant's requests.

**(1)   Defendant's Statements**

The Government recognizes its obligation, under Rules 16(a)(1)(A) and 16(a)(1)(B), to provide to Defendant the substance of Defendant's oral statements and written statements. (Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.) The Government has provided all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided.

**(2)   Arrest Reports, Notes, and Dispatch Tapes**

The Government has provided Defendant with all known reports related to Defendant's arrest in this case. The Government is in the process of determining whether there are any additional reports related to the remote video surveillance and whether there are any dispatch tapes. If such reports or tapes are identified, the Government will produce them to Defendant. The Government will continue to comply with its obligation to provide to Defendant all reports subject to Rule 16(a)(1)(A) and (B).

The Government has no objection to the preservation of the agents' handwritten notes. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, as explained above, the Government objects to providing Defendant with a copy of the rough notes at this time. The Government is not required to produce the notes pursuant to the Jencks Act because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a

1  substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the
2  witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The notes are not Brady
3  material because, as discussed further, the notes do not present any material exculpatory information
4  or any evidence favorable to Defendant that is material to guilt or punishment. If, during a future
5  evidentiary hearing, certain rough notes become particularly relevant, the notes in question will be made
6  available to Defendant.

**(3)    Defendant's Prior Record**

The Government has already provided Defendant with documentation regarding his prior criminal record, including his record. The Government has received and will produce to Defendant in advance of the hearing the additional judgment and conviction documents in the possession of the Assistant U.S. Attorney, thereby fulfilled its duty of discovery under Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990). To the extent that the Government determines that there are any additional documents reflecting Defendant's prior criminal record, the Government will provide those to Defendant.

**(4) & (5)    Evidence Seized & Tangible Objects**

The Government is unaware of any tangible objects or evidence seized from Defendant in connection with this case. The Government therefore has complied and will continue to comply with Rule 16(a)(1)(E)[1] in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

**(6)    Request for Preservation of Evidence**

The Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was

---

[1]    Defendant requests production of evidence pursuant to Rule 16(a)(1)(C). Because Rule 16(a)(1)(C) applies to organizational defendants, it is inapplicable in this case. The Government construes this as a request under rule 16(a)(1)(E).

1 apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be
2 unable to obtain comparable evidence by other reasonably available means." Id. at 489; see also Cooper
3 v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001). The Government has made every effort to
4 preserve evidence it deems to be relevant and material to this case, including sending a letter to the A-
5 file custodian to review and preserve such evidence. Any failure to gather and preserve evidence,
6 however, would not violate due process absent bad faith by the Government that results in actual
7 prejudice to the Defendant. See Illinois v. Fisher, 540 U.S.1174, 124 S.Ct. 1200 (2004) (per curiam);
8 Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th
9 Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

**(7)   Reports of Examinations or Tests**

At this time, the Government is not aware of any scientific tests or examinations performed in connection with this case. Prior to trial, a fingerprint analysis may be conducted. If such evidence is generated, the results of any scientific tests or examinations will be provided to Defendant in accordance with Rule 16(a)(1)(F)[2/] when those tests results are received.

**(8)   Expert Witnesses**

The Government recognizes its obligation under Rule 16(a)(1)(G)[3/] to provide a defendant with a written summary of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief. At this time, no such report exists. If and when such a report is generated, the Government will comply with its obligations to produce the discovery to the Defendant.

**(9)   Brady Material**

The Government has and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose material exculpatory information or evidence favorable to Defendant when such

---

[2/]   Defendant requests the results of any examinations or tests under Rule 16(a)(1)(D). Because Rule 16(a)(1)(D) relates to a defendant's prior record, the Government interprets this as a request pursuant to Rule 16(a)(1)(F).

[3/]   Defendant requests discovery regarding an expert witness under Rule 16(a)(1)(E). Because Rule 16(a)(1)(E) relates to documents and objects, the Government interprets this as a request pursuant to Rule 16(a)(1)(G).

1  evidence is material to guilt or punishment. The Government recognizes that its obligation under <u>Brady</u>
2  covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who
3  testify on behalf of the United States. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>United</u>
4  <u>States v. Bagley</u>, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not
5  requested by the defense. <u>Bagley</u>, 473 U.S. at 682; <u>United States v. Agurs</u>, 427 U.S. 97, 107-10 (1976).
6  "Evidence is material, and must be disclosed (pursuant to <u>Brady</u>), 'if there is a reasonable probability
7  that, had the evidence been disclosed to the defense, the result of the proceeding would have been
8  different.'" <u>Carriger v. Stewart</u>, 132 F.3d 463, 479 (9th Cir. 1997) (<u>en</u> <u>banc</u>).

9      <u>Brady</u> does not, however, mandate that the Government open all of its files for discovery. <u>See</u>
10 <u>United States v. Henke</u>, 222 F.3d 633, 642-44 (9th Cir. 2000) (<u>per</u> <u>curiam</u>). Under <u>Brady</u>, the United
11 States is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (<u>see</u> <u>United</u>
12 <u>States v. Smith</u>, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other
13 sources (<u>see</u> <u>United States v. Bracy</u>, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the
14 defendant already possesses (<u>see</u> <u>United States v. Mikaelian</u>, 168 F.3d 380-389-90 (9th Cir. 1999)
15 <u>amended</u> <u>by</u> 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S.
16 Attorney could not reasonably be imputed to have knowledge or control over. <u>See</u> <u>United States v.</u>
17 <u>Hanson</u>, 262 F.3d 1217, 1234-35 (11th Cir. 2001).   <u>Brady</u> does not require the Government "to create
18 exculpatory evidence that does not exist," <u>United States v. Sukumolahan</u>, 610 F.2d 685, 687 (9th Cir.
19 1980), but only requires that it "supply a defendant with exculpatory information of which it is aware."
20 <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976).

21 **(10)  Giglio Information**

22     An agreement that the Government makes with a witness for testimony in exchange for money
23 or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure
24 as impeachment evidence under <u>Brady</u> and <u>Giglio</u>. <u>See</u> <u>United States v. Kojayan</u>, 8 F.3d 1315, 1322-23
25 (9th Cir. 1993); <u>Benn v. Lambert</u>, 238 F.3d 1040, 1054-60 (9th Cir. 2002).   The Government is not
26 aware of any <u>Giglio</u> information related to this case. If the Government discovers the existence of
27 <u>Giglio</u> information, the information will be provided to the Defendant.
28 //

1 **(11)    Informants and Cooperating Witnesses**

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under Brady and Giglio. See United States v. Kojayan, 8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002).   The Government is not aware of any Giglio information related to this case.  If the Government discovers the existence of Giglio information, the information will be provided to the Defendant.

**(12)    Jencks Act Material**

Rule 26.2 incorporates the Jencks Act, 18 U.S.C. §3500, into the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. §3500(b).  For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by her, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. §3500(e).   If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).  There is no applicable Jencks material at this time.  If the case proceeds to trial, the Government will produce any materials covered by the Jencks Act relevant to the testifying witness(es).

**(13)    FRE 404(b) and 609**

The Government will disclose in advance of trial the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  Evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

As indicated above, the Government will also produce any evidence of Defendant criminal

record pursuant to Rule 16(a)(1)(D)[4/] which might constitute evidence under Fed. R. Evid. 609.

**(14) Information That May Result in a Lower Sentence Under the Guidelines or 18 U.S.C. Section 3553**

The Government has provided and will continue to provide Defendant with all Brady material that may result in mitigation of Defendant's sentence. Nevertheless, the Government is not required to provide information bearing on Defendant's sentence until after Defendant's conviction or guilty plea and prior to her sentencing date. See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988) (no Brady violation occurs "if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

**(15) Evidence of Bias or Motive to Lie**

The Government recognizes its obligation under Brady and Giglio to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie. The Government is not aware of any evidence of any bias or motivation to lie on the part of prospective government witnesses. If the Government discovers the existence of information related to a government witness's bias or motive to lie, the information will be provided to the Defendant.

**(16) Impeachment Evidence**

As discussed elsewhere, the Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses.

**(17) Evidence of Criminal Investigation of Any Government Witness**

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government is under no obligation to turn over the criminal records or rap sheet of its potential witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief.

//

---

[4/] Defendant again request information about Defendant's prior crimes under Rule 16(a)(1)(C). Because Rule 16(a)(1)(C) applies to organizational defendants, the Government interprets this as a request under Rule 16(a)(1)(D).

**(18)    Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure provision.

**(19)    Witness Addresses**

The Government has already provided Defendant with the reports containing the names, work addresses, and telephone numbers of the inspectors, officers and special agents whom asked questions of Defendant and found the marijuana in the vehicle. In its trial memorandum, the Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of such a witness list is not required. <u>See</u> <u>United States v. Discher</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

The Government strenuously objects to providing the home addresses or the home or personal cellular telephone numbers to Defendant. In non-capital cases, the Government is not even required to disclose the names of its witnesses prior to trial. <u>United States v. Dishner</u>, 974 F.2d 1502, 1522 (9th Cir 1992); (<u>citing</u> <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996); <u>see</u> <u>also</u> <u>United States v. Bejasa</u>, 904 F.2d 137 (2d Cir. 1990) (holding that United States did not improperly deny defendant access to government witnesses whose telephone numbers and addresses the government refused to provide because defendant knew the identities of the government witnesses and presumably knew their telephone numbers or could have contacted them through the exercise of due diligence).

**(20)    Name of Witnesses Favorable to the Defendant**

The Government is not aware of the names of any witnesses favorable to the Defendant's case. If the Government discovers any witnesses favorable to Defendant, the names of such witnesses will be promptly provided.

//

**(21)    Statements Relevant to the Defense**

The Government will provide all statements relevant to Defendant as required by Rule 16, Brady, and Jencks. The Government is not all possible information and evidence regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory evidence are not subject to disclosure under Brady).

**(22) & (23)    Henthorn Material**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002) (citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(24) & (25)    Evidence for Defense Testing and Subpoenas**

The Government is unaware of any evidence response to Defendant's requests.

**(26)    Immigration File and Related Documents**

Defendant requests that the United States provide him with a copy of his Alien Registration File ("A-File"). [Def's Mem. at 2, 7.] The United States objects to this request. This information is equally available to Defendant through a Freedom of Information Act request. Even if Defendant could not obtain the A-File through such a request, the A-File itself is not discoverable under Rule 16, Brady or any other constitutional or statutory provision. The United States will disclose A-file documents it intends to use in its case-in-chief. The United States will also disclose A-file documents that constitute Brady material and A-file documents that fall under Rule 16.

Although the United States will disclose relevant A-file *documents*, the A-file itself need not be disclosed. The A-File contains information that is not discoverable like internal government documents and witness statements. *See* Fed. R. Crim. P. 16(a)(2). Witness statements would not be subject to

1 production until after the witness for the United States testifies and provided that a proper motion is
2 made by Defendant. *See* Fed. R. Crim. P. 16(a)(2) and 26.2. Defendant does not own the A-File,
3 rather, it is an agency record. *Cf.* <u>United States v. Loyola-Dominguez</u>, 125 F.3d 1315 (9th Cir. 1997)
4 (noting that A-File documents are admissible as public records). Of course, should the Court order
5 inspection of relevant documents from the A-File, the United States will facilitate the inspection as it
6 does in other cases.

### III

### **DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

9 The Government does not object to the granting of leave to file further motions as long as the
10 further motions are based on newly discovered evidence or discovery provided by the Government
11 subsequent to the instant motion at issue.

### IV

### **CONCLUSION**

14 For the foregoing reasons, the Government requests that the Court deny Defendant's
15 motions, except where unopposed.

16 DATED: May 12, 2008.

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        /s/***Rebecca Kanter***
                                        REBECCA S. KANTER
                                        Assistant U.S. Attorney
                                        Attorneys for Plaintiff
                                        United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr1096-LAB |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| ARTURO RIOS-MENDOZA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Jeremy Warren

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 12, 2008.

/s/ ***Rebecca Kanter***
REBECCA S. KANTER