1  KAREN P. HEWITT
   United States Attorney
2  ANNE KRISTINA PERRY
   Assistant United States Attorney
3  California Bar Number 107440
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6760
   Facsimile: (619) 235-5767
6
   Attorneys for Plaintiff
7  United States of America

8                      **UNITED STATES DISTRICT COURT**

9                     **SOUTHERN DISTRICT OF CALIFORNIA**

10

| 11 | UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1096-LAB |
|---|---|---|---|
| 12 | | ) | **UNITED STATES' MOTIONS IN LIMINE TO:** |
| 13 | Plaintiff, | ) | **(1) ADMIT A-FILE DOCUMENTS** |
| 14 | | ) | **(2) PRECLUDE DEFENDANT FROM CHALLENGING HIS PRIOR** |
| 15 | v. | ) | **ORDER OF DEPORTATION** |
| 16 | | ) | **(3) INTRODUCE EXPERT TESTIMONY** |
| 17 | ARTURO RIOS-MENDOZA, | ) | **(4) PROHIBIT REFERENCE TO REASON WHY DEFENDANT REENTERED U.S.** |
| 18 | | ) | **(5) PROHIBIT REFERENCE TO PRIOR RESIDENCY** |
| 19 | Defendant. | ) | **(6) PROHIBIT REFERENCE TO DEFENDANT'S AGE, FINANCES, BACKGROUND, AND POTENTIAL PUNISHMENT** |
| 20 | | ) | |
| 21 | | ) | **(7) EXCLUDE WITNESSES** |
| 22 | | ) | **(8) PRECLUDE DEFENSE EXPERT WITNESSES** |
| 23 | | ) | **(9) PRECLUDE INTRODUCTION OF NECESSITY OR DURESS** |
| 24 | | ) | **(10) TO ADMIT DEPORTATION HEARING AUDIOTAPE OR TRANSCRIPT** |
| 25 | | ) | **(11) TO ADMIT 609 EVIDENCE** |
| 26 | | ) | **(12) COMPEL RECIPROCAL DISCOVERY** |
| 27 | _____ ) | | Date:      June 30, 2008 |
| 28 | | | Time:      3:00 p.m. |
| | | | Honorable: Larry A. Burns |

Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Anne Kristina Perry, Assistant United States Attorney hereby files its Motions in Limine. These motions are based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

I

## STATEMENT OF FACTS

**A.    Defendant's Criminal and Immigration Record**

Defendant, Arturo Rios-Mendoza, is a 36-year-old citizen of Mexico. Defendant was convicted on July 21, 1997, in the Arizona Superior Court in Maricopa County for Attempted Theft in violation of Arizona Rev. Statutes 13-1801, for which he received a sentence of two and a half years imprisonment after his probation was revoked. On July 27, 1998, Defendant sustained a conviction in the Arizona Superior Court in Maricopa County for Kidnaping in violation of Arizona Rev. Statutes 13-1304, for which he received a five-year term of imprisonment.

Defendant has never applied for lawful admission into the United States. Defendant appeared before an Immigration Judge for a deportation hearing on July 24, 1997. The judge issued an order of deportation, and the Defendant was physically removed from the United States to Mexico the same day. Defendant was most recently physically removed to Mexico on May 12, 2002, pursuant to a reinstatement of the 1997 order.

**B.    Defendant's Apprehension**

On March 11, 2008, at approximately 1:00 p.m., Border Patrol Agent Robert Whittier was driving his marked Border Patrol vehicle westbound on Highway 94 near Tecate, California in an area known as Murphy's Cove. Agent Whittier observed an individual waving his arms and attempting to contact Agent Whittier. Agent Whittier pulled over to the side of the road and identified himself as a United States Border Patrol Agent. The individual, later identified as the Defendant, told Agent Whittier that he was tired and wanted to go home. Defendant stated he was a citizen of Mexico with no documents to be in the United States legally. Agent Whittier placed the Defendant under arrest and transported him to the El Cajon Border Patrol Station for processing.

1       A records and fingerprints check identified the man as the Defendant and confirmed his status
2  as a previously deported citizen of Mexico and a convicted felon. These same records show that the
3  Defendant has not applied for permission from the Attorney General of the United States or his
4  designated successor, the Secretary of the Department of Homeland Security, to return to the United
5  States after being removed.

6       On March 11, 2008, at approximately 6:00 p.m., Border Patrol Agent Michael M. Struve advised
7  Defendant of his right to speak with the Mexican Consulate. Defendant stated that he understood this
8  right and did not wish to speak with the Mexican Consulate. At approximately 8:25 p.m., Defendant was
9  read his <u>Miranda</u> rights by Border Patrol Agent Luis Martinez in the Spanish language. Defendant said
10 he understood his rights and was willing to answer questions without an attorney present.

11      Defendant's advice of rights and interview were videotaped. During the videotaped sworn
12 statement, Defendant was advised that his I-826 administrative rights no longer applied. Defendant
13 stated he understood this. Defendant proceeded to discuss his presence in the United States with the
14 interviewing agents. A translated transcript of the interview will be provided for the jury.

15      Defendant additionally executed a record of sworn statement, signing the form and initialing his
16 answers. Defendant said his name was Arturo Rios-Mendoza and that he had no immigration
17 documents. He said he is a citizen of Mexico, born in Guerrero. He said he been deported from the
18 United States and removed to Mexico after a hearing before an immigration judge. He said he not
19 applied for permission to re-enter the United States. He said he knew it was illegal to re-enter the United
20 States after being deported. Defendant said he was traveling to San Ysidro, California to find work in
21 construction. Defendant said he had entered the United States two days previously. Defendant stated that
22 he has no fear of persecution or torture should he be removed from the United States.

23      On April 9, 2008 a federal grand jury in the Southern District of California returned an
24 Indictment charging Defendant Arturo Rios-Mendoza ("Defendant") with being a deported alien found
25 in the United States, in violation of Title 8, United States Code, Section 1326. On April 10, 2008
26 Defendant was arraigned on the Indictment and pled not guilty. Trial is scheduled for Tuesday, July 1,
27 2008 at 9:00 a.m., before the Honorable Larry A. Burns.
28 //

**II**

**A.   THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

    1.   <u>A-File Documents are Admissible as Public Records or Business Records</u>

The United States intends to offer documents maintained by the former Immigration and Nationalization Service and current Department of Homeland Security pertaining to Defendant. The agency maintains an "A-file" or "Alien-file" on Defendant, which contains documents reflecting most of Defendant's immigration encounters. The United States moves to introduce "A File" documents to establish Defendant's alienage, prior deportation, and that he was subsequently found in the United States without having sought or obtained authorization from the Attorney General. The documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6).

The Ninth Circuit has addressed the admissibility of A-File documents in <u>United States v. Loyola Dominguez</u>, 125 F.3d 1315 (9th Cir. 1997). In <u>Loyola Dominguez</u>, the defendant appealed his § 1326 conviction, arguing, among other issues, that the district court erred in admitting at trial certain records from the illegal immigrant's "A File." <u>Id.</u> at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. Loyola Dominguez argued that admission of the documents violated the rule against hearsay and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. <u>Id.</u> at 1318. The court first noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." <u>Id.</u> (quoting <u>United States v. Hernandez-Rojas</u>, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. <u>Id.</u>

<u>Loyola-Dominguez</u> is simply among the more recent restatements of the public-records and business-records rules. Courts in this Circuit have consistently held that documents from a defendant's immigration file are admissible in a § 1326 prosecution to establish the defendant's alienage and prior deportation. See <u>United States v. Mateo-Mendez</u>, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court

properly admitted certificate of nonexistence as absence of a public record); <u>United States v. Sotelo</u>, 109 F.3d 1446, 1449 (9th Cir. 1997) (holding warrant of deportation admissible to prove alienage); <u>United States v. Contreras</u>, 63 F.3d 852, 857 (9th Cir. 1995) (district court properly admitted warrant of deportation as public record); <u>Hernandez-Rojas</u>, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record).

   2. <u>A Certificate of Non-existence Does not Violate the Confrontation Clause</u>

  The United States moves to introduce a Certificate of Non-existence of Record ("CNR"), prepared by an authorized official at the Department of Homeland Security and certifying that there are no records in any of the Department's databases, files, or archives that Defendant has ever applied for, or been granted, permission to reenter the United States following his deportations in 1997 and 2002. The Ninth Circuit has held that a CNR is not "testimonial" within the meaning of <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004) and therefore that its admission into evidence does not violate the Confrontation Clause of the United States Constitution.  See <u>United States v. Cervantes-Flores</u>, 421 F.3d 825, 831-33 (9th Cir. 2005); <u>Sotelo</u>, 215 F.3d 1039, 1042-43.

   3. <u>The Court Should Admit Evidence relating to Defendant's 2002 Deportation</u>

  The Defendant was deported in 2002, pursuant to an Order reinstating his 1997 Deportation. The Ninth Circuit has held that a deportation following a reinstated order of deportation is a valid "removal" for an 8 USC § 1326 conviction even where, as here, the original deportation occurred prior to the Defendant's commission of an aggravated felony.  <u>United States v. Diaz-Luevano</u>, 494 F.3d 1159 (9th Cir. 2007).

**B. <u>THE COURT SHOULD PROHIBIT DEFENDANT FROM COLLATERALLY ATTACKING HIS PRIOR DEPORTATION ORDERS AT TRIAL</u>**

  Defendant has not challenged the lawfulness of his prior deportation proceedings. Thus, Defendant should be barred from raising such issue at trial. The validity of a prior deportation is a matter of law and not of fact and as such it is up to the judge to make such ruling. In fact the lawfulness of the prior deportation is not an element of illegal reentry. The significant factor is that the Defendant was in fact physically removed from the United States.

  Although a criminal defendant can move to challenge the lawfulness of his prior deportation, this can only happen at the motion stage, not at the trial. In <u>United States v. Alvarado-Delgado</u>, 98 F.3d 492

1  (9th Cir. 1996), the Ninth Circuit held that at trial the government does not have to prove the lawfulness
2  of the prior deportation because lawfulness of the prior deportation is not an element of the offense.
3  The only matter the government must prove is that the defendant was actually deported.

4  Based on the Alvarado-Delgado decision and others like it, any evidence of the lawfulness of the
5  prior deportation is irrelevant since it is not an element of the offense. Because this Court has already
6  denied Defendant's challenge to the validity of his prior deportation, Defendant should not be permitted
7  to attempt to repeat the challenge in front of the jury.

8  **C.     THE COURT SHOULD ADMIT EXPERT TESTIMONY**

9  The United States moves to admit testimony of a fingerprint expert to identify Defendant as the
10 person who was previously deported from the United States, and found in the United States on March
11 11, 2008. The United States is providing notice of its intent to call Lisa DiMeo as an expert and has
12 provided Defendant with a summary of Ms. DiMeo's qualifications.

13 If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining
14 a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed.
15 R. Evid. 702. Determining whether expert testimony would assist the trier-of-fact in understanding the
16 facts at issue is within the sound discretion of the trial judge. See United States v. Alonso, 48 F.3d 1536,
17 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion
18 may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type
19 reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide
20 opinion testimony even if the testimony embraces an ultimate issue to be decided by the trier-of-fact.
21 Fed. R. Evid. 704. Here, the fingerprint expert's testimony will assist the triers-of-fact in determining
22 whether the deportation and found-in evidence relate to the individual in the courtroom. Defendant has
23 been provided notice of the United States' expert, his report of conclusions, and a copy of his curriculum
24 vitae.

25 Because the evidence goes to the essential question of identity, this expert testimony should be
26 admitted.

27
28

### D. THE COURT SHOULD PROHIBIT REFERENCE TO WHY THE DEFENDANT REENTERED THE UNITED STATES

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to do so. Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here. The Court should preclude him from doing so. Evidence of <u>why</u> Defendant violated Section 1326 is patently irrelevant to the question of <u>whether</u> he did so -- the only material issue in this case. Rule 401 defines "relevant evidence" as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401. Rule 402 states that evidence "which is not relevant is not admissible." Fed. R. Evid. 402. Here, the reason why Defendant reentered the United States, and his belief that he was justified in doing so, is irrelevant to whether he violated Section 1326. Likewise, the reason why Defendant was in the United States, and his belief that he was justified in being here, is irrelevant.

The case of <u>United States v. Komisaruk</u>, 885 F.2d 490 (9th Cir. 1980), is illustrative. Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer. <u>Id.</u> at 491. On appeal, she argued that the district court erred in granting the government's motions *in limine* to preclude her from introducing her "political, religious, or moral beliefs" at trial. <u>Id.</u> at 492. In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief that the Air Force computer was illegal under international law, and that she was otherwise morally and legally justified in her actions. <u>Id.</u> at 492-93. The district court held that her "personal disagreement with national defense policies could not be used to establish a legal justification for violating federal law nor as a negative defense to the government's proof of the elements of the charged crime," <u>id.</u> at 492, and the Ninth Circuit affirmed. Similarly here, the reason why Defendant reentered the United States and his belief that he was entitled to do so, and the reason why he was in the United States and his belief that he was entitled to be here, are irrelevant to any fact at issue in this case.

### E. THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY

The Court should preclude Defendant from introducing evidence at trial of any former residence in the United States, legal or illegal. Such evidence is not only prejudicial, but irrelevant and contrary

to Congressional intent.

In <u>United States v. Ibarra</u>, 3 F.3d 1333, 1334 (9th Cir. 1993) <u>overruled on other grounds by United States v. Alvarado-Delgado</u>, 98 F.3d 492, 493 (9th Cir. 1996), the district court granted the United States' motion *in limine* to preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. The Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant. <u>Id.</u>

Similarly, in <u>United States v. Serna-Vargas</u>, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion <u>in limine</u> to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution. <u>Id.</u> at 711. Specifically, she sought to introduce evidence of the involuntariness of her initial residence; her continuous residency since childhood; her fluency in the English language; and the legal residence of immediate family members. Id. at 712. The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under § 1326." <u>Id.</u> The court also noted that admission of the evidence would run "contrary to the intent of Congress," because "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported." <u>Id.</u> Therefore, the court held, "[a]llowing her to present the defense now would run contrary to Congress' intent." <u>Id.</u> In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, and not to juries." <u>Id.</u> (emphasis added).

Accordingly, evidence to residency, U.S. citizen children and spouses, and difficulty of surviving in Mexico should be precluded.

**F.    MOTION TO EXCLUDE EVIDENCE AND ARGUMENT REFERRING TO DEFENDANT'S AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

"Evidence which is not relevant is not admissible," (Fed. R. Evid. 402), and the jury should "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy." Ninth Cir. Model Jury Instructions, § 3.1 (2003). Here, it is anticipated that Defendant may attempt to introduce evidence about his family circumstances or medical condition. This information is irrelevant to this case and should be excluded. Such evidence is not only irrelevant and unfairly prejudicial, but a blatant play for sympathy and jury nullification as well.

Defense counsel may wish to mention Defendant's potential penalties to the jury. Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromise verdicts, and confuses the issues to be decided. See United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995); United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). In federal court, the jury is not permitted to consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt. 9th Cir. Crim. Jury Instr. §7.4 (2003). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudice against the United States.

The United States respectfully requests this Court to preclude any mention of possible penalty and/or felony designation at any point during the trial.

**G.   THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

**H.   THE COURT SHOULD PRECLUDE ANY EXPERT TESTIMONY BY DEFENSE WITNESSES**

The United States has requested reciprocal discovery, and this Court granted the reciprocal discovery motion on May 19, 2008. The United States is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial. Moreover, Defendant must disclose written summaries of testimony that Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial. The summaries are to describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. Defendant has provided neither notice of any expert witness, nor any reports by expert witnesses. Accordingly, Defendant should not be permitted

to introduce any expert testimony.

If the Court determines that Defendant may introduce expert testimony, the United States requests a hearing to determine this expert's qualifications and relevance of the expert's testimony pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

## I. THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS AND NECESSITY

A district court may preclude a necessity defense where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1992)(Internal quotation omitted.)

In order to rely on a defense of duress, Defendant must establish a prima facie case that:

(1) Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;

(2) Defendant had a well-grounded fear that the threat would be carried out; and

(3) There was no reasonable opportunity to escape the threatened harm.

United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d 994, 997.  If Defendant fails to make a threshold showing as to each and every element of the defense, defense counsel should not burden the jury with comments relating to such a defense.  See, e.g., Bailey, 444 U.S. 394, 416.

A defendant must establish the existence of four elements to be entitled to a necessity defense:

(1) that he was faced with a choice of evils and chose the lesser evil;

(2) that he acted to prevent imminent harm;

(3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and

(4) that there was no other legal alternatives to violating the law.

See Schoon, 971 F.2d 193, 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985).  A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195 (Internal quotations omitted.)

The United States hereby moves for an evidentiary ruling precluding defense counsel from making any comments during the opening statement or the case-in-chief that relate to any purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie showing satisfying each and every element of the defense. The Unit ed States respectfully requests that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and an invitation for jury nullification that would result from such comments.

### J. THE COURT SHOULD ADMIT A TAPE OR TRANSCRIPT FROM DEFENDANT'S DEPORTATION HEARING

The United States must prove that the Defendant was deported, and that he was an alien. The United States has a tape recording of the Defendant's deportation hearing in 1997, which has been properly certified by a representative from the Department of Homeland Security. As such, it is a business record that this Court may admit into evidence.

### K. THE COURT SHOULD ADMIT THE DEFENDANT'S PRIOR CONVICTIONS AS EITHER SUBSTANTIVE EVIDENCE OR FOR IMPEACHMENT

As set forth above, the Defendant has suffered two (2) serious criminal convictions. Although his last conviction was in 1998, he was not released until 2002. Pursuant to Fed. R. Evid. 609,

> [e]vidence of a conviction under this rule is not admissible if a period of more than then years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.

Thus, the 2002 conviction is admissible as substantive evidence. However, because that conviction was for a charge of kidnaping, the United States understands that, under a Fed. R. Evid. 403 analysis, it may be too prejudicial. If the Court denies the request to use the conviction as substantive evidence, it will renew a request to admit the evidence for impeachment should the Defendant choose to take the stand in his own defense.

### L. UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY

The Court granted the United States' request for reciprocal discovery. As of the date of these motions, Defendant has produced no reciprocal discovery. The United States requests that Defendant comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2 which requires the production of prior statements of <u>all</u> witnesses, except for those of Defendant. Defendant has not provided the United States with any documents or statements. Accordingly, the United States intends

1  to object at trial and ask this Court to suppress any evidence at trial which has not been provided to the
2  United States.

### III
### **CONCLUSION**

For the foregoing reasons, the United States respectfully asks that the Court grant its motions.

DATED: June 15, 2008

                Respectfully Submitted,

                KAREN P. HEWITT
                United States Attorney

                ***/s/ Anne Kristina Perry***

                ANNE KRISTINA PERRY
                Assistant U.S. Attorney
                anne.perry2@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) <br>                   Plaintiff,  ) <br>      v.  ) <br> ARTURO RIOS-MENDOZA,  ) <br>                   Defendant.  ) | Case No. 08CR1096-LAB <br><br> **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, ANNE KRISTINA PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

                  Jeremy D. Warren

                  Attorney for Defendant Arturo Rios-Mendoza

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 15, 2008.

                  /s/ *Anne Perry* <br>
                  Anne Kristina Perry <br>
                  anne.perry2@usdoj.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28